IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD IVERSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:08-cv-00218 (RCL) |
| ) | |
| COMMISSIONER, IRS ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

DEFENDANT moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, defendant submits that plaintiff failed to properly serve the United States.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: April 21, 2008.   Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6930/514-6866
Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

1647364.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD IVERSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:08-cv-00218 (RCL) |
| ) | |
| COMMISSIONER, IRS ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

This is a civil action in which plaintiff alleges copyright infringement.

QUESTION PRESENTED

Plaintiff himself attempted to serve the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Gerald Iverson, Jr., filed this complaint on February 8, 2008.  The complaint alleges that the federal government infringed his ownership rights of "US Copyright #TX 920-432 GNIJ TAX REVENUE FORMULA" since December 14, 1999.  (Compl. p.1.)  On February 29, 2008, plaintiff filed a return of service showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER nos. 2 & 3.)

2. <u>Relief sought in the complaint</u>.  Plaintiff claims that he is the owner of "US Copyright #TX 920-432 GNIJ TAX REVENUE FORMULA" and that "federal and state" have been "administratively marketing US Copyright to IRS agents, attorneys etc [sic] for what appears to be US Copyright infringement for assignment to no prevail [sic]." He seeks $500,000 in damages and order for the defendants to "take assignment of GNIJ TAX REVENUE FORMULA" and to correct his "Tax Account." (Compl. pp. 1-2.)

ARGUMENT

The Complaint Should Be Dismissed Because
Service of Process Was Deficient

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party."  Under rule 4(I), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(I) (emphasis added); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).  Further, rule 4(c)(2) requires a *non-party* to serve the summons and complaint.  Fed.R.Civ.P. 4(c)(2); *see, e.g., Guthery v. United States*, 507 F.Supp.2d 11, 115 (D.D.C. 2007) (citing cases).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Gerald Iverson, Jr. signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Gerald Iverson, Jr. is, of course, a party to this action, and thus cannot properly serve the summons. *See Guthery*, 507 F.Supp.2d at 115. Also plaintiff's alleged address of delivery for service on the United States Attorney is incorrect. Plaintiff's return of service indicates service on the United States Attorney at 501 3rd Street, N.W., Washington, DC 20001. Upon information and belief, this address is the address for the building across the street, which houses the Communication Workers of America and other business and/or individuals. The address for the United States Attorney for the District of Columbia is 555 4th Street, NW,

Washington, DC 20530.  Accordingly, plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

## CONCLUSION

Because plaintiff has failed to properly serve the United States, the complaint should be dismissed.

DATE:  April 21, 2008.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6930/514-6866
Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the April 21, 2008 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> GERALD IVERSON, JR.
> *Plaintiff pro se*
> 181 Joliet Street, SW, #202
> Washington, DC 20032

> /s/ Pat S. Genis
> PAT S. GENIS

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD IVERSON, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER, IRS ) <br> ) <br> Defendant. ) | No: 1:08-cv-00218 (RCL) |

ORDER

_____ Upon consideration of defendant's Motion to Dismiss Complaint, any response, and the entire record in this case,

    IT IS ORDERED that the motion to dismiss is granted;

    IT IS ORDERED that the complaint is hereby DISMISSED.

Date: _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044

Gerald Iverson, Jr.
Plaintiff *pro se*
181 Joliet Street, SW, #202
Washington, DC 2003

2046640.1